LARRY G. SMITH, Judge.
George H. DeCarion and James E. Roberts appeal an order entered by the Department of Environmental Regulation (DER) denying their application for a permit to dredge a flow-through canal as a part of a proposed housing development on Key Largo, Florida. They urge the following grounds for reversal: First, that DER is “locked in” to the reasons given in its letter of intent to deny the permit application, Florida Administrative Code Rule 17-4.-28(3), and may not put forth further reasons for denial between the issuance of that letter and the conclusion of a requested Section 120.57(1) proceeding; that their burden of proof is to meet only the test that the project would not be contrary to the public interest and not the more stringent test that the public interest would be served by the project; and, that the findings of the hearing officer, and hence DER, were not supported by competent substantial evidence. Our consideration of the briefs of the parties as well as our examination of the record leads us to conclude that reversible error has not been demonstrated. Accordingly, we affirm.
The gist of appellants’ first issue is that DER unfairly placed in issue the question of whether their proposed canal could be expected to violate Class III water quality standards for dissolved oxygen and biological integrity. In its intent to deny letter, DER had apprised the appellants that their proposed dredging was reasonably expect *621 ed to violate the Outstanding Florida Water (OFW) rule, Florida Administrative Code Rule 17-4.242, relating to biological oxygen demand (BOD), dissolved oxygen, oil and greases, lead, copper, turbidity, and biological integrity. This rule prohibits any degradation of water quality below ambient conditions for projects located within outstanding Florida waters, and prevents any significant degradation of such waters by projects located outside the outstanding Florida water, in this case the John Pennekamp Coral Reef State Park. These standards are far more stringent from a water quality standpoint than are the standards ordinarily applicable to Class III waters. See Fla.Admin.Code Rule 17-3.121.
Approximately ten days before the hearing on the merits, however, appellants’ attorneys were advised for the first time that DER contended the proposed project would also cause violations of Class III surface water standards for dissolved oxygen and biological integrity. Appellants subsequently filed a motion in limine and objected at the hearing to evidence regarding these newly anticipated water quality violations. Nevertheless, they did not move for a continuance, as suggested by the hearing officer.
We find appellants’ argument in this regard unpersuasive for'two reasons. First, appellants had been advised more than three months prior to the final hearing that the more stringent water quality standards of Florida Administrative Code Rule 17-4.242 must be met, so the claim of surprise or prejudice by DER’s assertion that the even more lenient standards applicable to Class III waters for those same parameters, i.e., dissolved oxygen and biological integrity, would be violated is not convincing. Appellants have not identified how prejudice, if any, was caused by DER’s amended position. See Hopwood v. Department of Environmental Regulation, 402 So.2d 1296 (Fla. 1st DCA 1981).
Second, as to appellants’ claim that DER is locked in to the reasons given in its letter of intent to deny, we need only cite McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977), in which Judge Robert Smith succinctly stated: “Section 120.57 proceedings are intended to formulate formal agency action, not to review action taken earlier and preliminarily.” 346 So.2d at 584.
We likewise find little merit in appellants’ contention that an application for a permit to dredge land in Florida, see Section 253.123, Florida Statutes (1979), should not be held to the more rigorous standard of demonstrating that the proposed project is in the public interest. See Shablowski v. State, Department of Environmental Regulation, 370 So.2d 50 (Fla. 1st DCA 1979); Yonge v. Askew, 293 So.2d 395 (Fla. 1st DCA 1974). Finally, the record contains ample substantial competent evidence to support the hearing officer’s findings and DER’s denial of the permit.
AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.